†J. W. DAVEY v. HYDE, PARK (VILLAGE.)

PARTY FAILING TO MAKE ANY EFFORT TO BE MADE A PARTY DEFENDANT TILL AFTER JUDGMENT WILL NOT BE AIDED BY THE COURT.

> Where a company stands by with full knowledge of the character of a cause in litigation, and does not ask to be made a party defendant until after the rendering of an adverse judgment, it will not thereafter be aided by the court in getting into the case.

SWING, J.

We have reconsidered the matter in controversy here upon the questions raised in the brief of defendant.

Our conclusion, however, remains the same. Without considering whether the contract signed and intended to be the contract is in fact the contract between the parties, or whether the ordinance and the bond constitute the contract. in either event the plaintiff is entitled to an injunction. We think the ordinance is invalid on one ground at least, and that is that it is an ordinance granting certain rights to the company for the term of fifteen years, and one of the agreements is contained in sec. 15, of the ordinance which seeks to exempt them from taxation during the time said plant shall be operated by said company, and by sec. 6 of the ordinance the company was granted the right to operate for the term of 15 years. This ordinance says: "Hereby and herein granted and conferred, shall remain in full force and effect, commencing with the acceptance of this ordinance, and enduring fifteen years thereafter." Ten years was the limit for which the village might contract; but it has agreed to either exempt from taxation the company's property, or else to pay the company a sum equal to the amount of the municipal taxes levied against it.

With the filing of the brief for a rehearing the Electric Light Company asked leave to be made a defendant and file an answer. Such request should only be granted in the interests of justice. It does not seem to me that any interests of justice will be subserved by allowing it to be filed. The company waited until after the judgment had been rendered and made no effort to be made a party, although its attorney appeared as assisting the village in the trial of the case. So that there is no question of surprise or want of knowledge of the pendency of the action, but in fact the company stood by until the case was decided.

On the question of the merits of the controversy we have this to say in this connection, that in our opinion it was a very improvident contract for the village to make. With a possible yearly income of about $8,000 it was proposed by this ordinance to expend nearly $6,000 for electric lighting. No comment need be made on such conduct. The company will not now be aided in getting into this case, but will be left to work out its rights without regard to this action.

*F. H. Kinney* and *Hollister & Hollister*, for plaintiff.

*W, J. Davidson* and *Edwin Gholson*, for the Village.

† For the first opinion of the court in this case, see Davey v. Hyde Park, 8 Ohio Circ. Dec., 371